IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHEILA CONROY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-00161-RAS-DDB |
| | § | |
| SOUTHWEST CREDIT SYSTEMS, L.P., | § | |
| | § | |
| Defendant. | § | |

**SOUTHWEST CREDIT SYSTEMS, L.P.'S MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

SOUTHWEST CREDIT SYSTEMS, L.P. ("SCS" or "Defendant") files this Motion to Strike Sheila Conroy's ("Conroy" or "Plaintiff") First Amended Complaint (the "Motion") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and would respectfully show the Court the following:

**I.
INTRODUCTION**

1. On February 7, 2009, Plaintiff filed her Original Complaint against Defendant. Thereafter, a summons was issued on April 8, 2009.

2. On May 4, 2009, Defendant filed its Original Answer.

3. On September 22, 2009, the Court entered a Scheduling Order stating that, "Amended pleadings shall be filed by **September 25, 2009**."

4. Thereafter, on November 30, 2009, more than sixty (60) days after the deadline to amend pleadings in this case, Plaintiff filed her First Amended Complaint.

## II.
## RELIEF REQUESTED

5.  Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend a pleading after a responsive pleading has been filed only by obtaining the opposing party's written consent or by obtaining leave of the court. Fed. R. Civ. P. 15(a). In the present case, Plaintiff neither obtained Defendant's written consent to amend her Original Complaint, nor sought leave from the Court to file her First Amended Complaint. Accordingly, Defendant requests that this Court strike Plaintiff's First Amended Complaint as it was not timely filed and failed to meet the requirements of Rule 15(a).

## III.
## BRIEF IN SUPPORT/ARGUMENT AND AUTHORITIES

6.  Under Federal Rule of Civil Procedure 15(a), because Defendant timely filed a responsive pleading in this case, Plaintiff may only seek to amend her Original Complaint via written consent from Defendant or after leave is granted by the Court. Defendant never consented to Plaintiff amending her Original Complaint in this case. To the contrary, Defendant contends that the addition of the new claims in this case came well after the deadline for Defendant to designate expert witnesses and only four (4) days prior to the close of the discovery period in this matter. Furthermore, Plaintiff never sought leave from the Court to file her First Amended Complaint. Instead, Plaintiff merely filed her First Amended Complaint without seeking any Court intervention.

7.  An amended complaint filed without leave of court or consent of the adverse party is considered a nullity. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985); *Nobles v. Metropolitan Transit Authority*, 15 F.3d 179, (5th Cir. 1994) (not selected for publication); *Page v. AV and Amro Merchant Services,* 2007 WL 2683830, at 2 (E.D. Tex.

2007). In other words, such a pleading is of no binding effect because it runs afoul of the requirements of Federal Rule of Civil Procedure 15(a). *See Page v. AV and Amro Merchant Services,* 2007 WL 2683830, at 2. In the instant case, Plaintiff has failed to meet either of the two requirements necessary under Rule 15(a) to allow her to amend her Original Complaint. Furthermore, Plaintiff waited until November 30, 2009 to file her First Amended Complaint. This was more than sixty (60) days beyond the Court imposed deadline to amend pleadings, and only four (4) days prior to the deadline to conduct discovery in this case. Plaintiff should not be rewarded for such undue delay in filing her First Amended Complaint. Consequently, Defendant requests that Plaintiff's First Amended Complaint be struck from the record in this case.

## IV.
## CONCLUSION

WHEREFORE, Defendant respectfully prays that this Court strike Plaintiff's First Amended Complaint from the pleadings on file in this case, and grant all other relief to which it is justly entitled at law and in equity.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:   /s/Michael A. Logan
      Michael A. Logan
      State Bar No. 12497500
      Brian M. Stork
      State Bar No. 24056386

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Telephone:   (214) 777-4200
Facsimile:   (214) 777-4299

**ATTORNEYS SOUTHWEST CREDIT SYSTEMS, LP**

**CERTIFICATE OF SERVICE**

       On December 9, 2009, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Eastern District of Texas, Sherman Division, using the Court's ECF filing system.  I hereby certify that on December 9, 2009, a true and correct copy of the foregoing document has been served electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), as follows:

Dave Lilley
**KROHN & MOSS, LTD.**
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA  90025

                                                /s/Michael A. Logan
                                                Michael A. Logan